United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THAYNE SMITH, | No. C 10-02684 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| R. GROUNDS, et al., | |
| Defendants. | |

Plaintiff, a California prisoner incarcerated at the Correctional Training Facility ("CTF") in Soledad, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against CTF prison officials. Plaintiff will be granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

A.   28 U.S.C. § 1915A(a) Screening

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Smith02684_dismissal.wpd

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
2  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.
3  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5  　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the color
8  of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.　　　Legal Claims

10 　　　　Plaintiff claims that on April 20, 2009, his bottom teeth were extracted at CTF, and
11 that he was advised he would receive dentures within 90 days.  When he did not receive the
12 dentures in the time provided, he filed an inmate appeal which was partially granted on
13 November 18, 2009.  Plaintiff filed appeals to the Second and Third (Director) Levels, and
14 received unsatisfactory responses.  Plaintiff claims that all levels are acting with deliberate
15 indifference by not providing him with dentures so he can eat and prevent the pain caused by
16 biting into his gums.  (Compl. at 3.)

17 　　　　 Deliberate indifference to serious medical needs violates the Eighth Amendment's
18 proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104
19 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
20 grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc);
21 Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate
22 indifference" involves an examination of two elements: the seriousness of the prisoner's
23 medical need and the nature of the defendant's response to that need.  See McGuckin, 974
24 F.2d at 1059.

25 　　　　Plaintiff fails to state an Eighth Amendment claim because he fails to show that he
26 was suffering from a serious medical need.  A "serious" medical need exists if the failure to
27 treat a prisoner's condition could result in further significant injury or the "unnecessary and
28 wanton infliction of pain."  McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104).

United States District Court
For the Northern District of California

The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). In his inmate appeal, Plaintiff makes no allegation that he is suffering any pain to notify prison officials that he is in need of serious medical attention. His description of the problem on the inmate appeal simply states that he had yet to receive his dentures although it had been over 6 months since his bottom teeth were extracted. (Comp., Ex. A at 1.) The action he requests is that his case be checked and that he be notified when he can expect to receive his dentures as he needs them so he can "eat properly." In his complaint, Plaintiff states that he needs his dentures to "properly eat and prevent the pain caused by biting into [his] gums." (Compl. at 3.) This allegation is not sufficient to show that the failure to immediately provide dentures would result in further significant injury or the "unnecessary and wanton infliction of pain." Serious medical needs may include dental care, see Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates), but here, it is clear that Plaintiff had received and was continuing to receive adequate attention to his dental health needs, *e.g.*, the extraction of his bottom teeth on April 20, 2009, the prescription for dentures, and a "try-in" for new dentures on April 28, 2010. (Compl., Ex. A at 3, "Director's Level Decision.")

Furthermore, Plaintiff also fails to show that prison officials acted with deliberate indifference with respect to his dental care needs. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of

1  Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).  In order for deliberate indifference to be
2  established, therefore, there must be a purposeful act or failure to act on the part of the
3  defendant and resulting harm.  See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of
4  State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

5       Plaintiff named as defendants the individuals who performed the review at each level
6  of his inmate appeal with respect to his dental claim: Defendants S. Madan and John O'Neal
7  signed off on the First Level Response; Defendants K. Sather and J. Chudy signed off on the
8  Second Level Response; and J. Walker signed off on the Director's Level of Response.
9  Plaintiff also named Warden R. Grounds as a defendant, but makes no specific allegations of
10 wrongdoing on his part. Plaintiff makes no dispute about the factual content of these
11 decisions.  Rather, Plaintiff is dissatisfied with their decisions because they did not order the
12 immediate production of his dentures.  (Compl. at 3.)

13      According to the First Level Response, Defendant Madan is a staff dentist and
14 Defendant O'Neal is a supervising dentist at CTF.  (Compl., Ex. A at 6.)  According to their
15 response, Plaintiff was seen at regular intervals for his dental work, including cleaning,
16 fillings and extractions.  (Id.)  Preliminary impressions were taken for Plaintiff's dentures on
17 August 17, 2009, comprehensive exam and x-rays were done on October 22, 2009, and
18 Plaintiff was again seen on November 18, 2009.  (Id.)  The decision states that there has been
19 some delay in the denture lab work due to the Dental Lab relocation, but that the fabrication
20 of dentures would be the next step as soon as the lab case is received.  (Id.)  There is nothing
21 in this response to indicate that defendants's decision was based on anything other than
22 sound medical judgment, or that they were acting with deliberate indifference to Plaintiff's
23 dental needs.

24      According to the Second Level Response, Defendant Sather is the Chief Dental
25 Officer and Defendant Chudy is the "CMO/Health Care Manager" at CTF.  (Id. at 5.)  Their
26 responses notes that Plaintiff had been advised that "the fabrication process for complete and
27 partial dentures is a multi-step process involving a number of clinical and laboratory steps,
28 each dependent upon the other" and that as a result "a definitive date of completion cannot be

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Smith02684_dismissal.wpd

1  provided." (Id.) The response stated that if there are no unforeseen delays, Plaintiff's case
2  could be completed within the next 90 days. (Id.) Again, there is nothing in defendants'
3  decision to indicate deliberate indifference to Plaintiff's dental needs.

4  According to the Director's Level Decision, Defendant J. Walker is the Chief of the
5  Office of the Third Level Appeals-Heath Care of the California Prison Health Care Services.
6  (Id. at 4.) Plaintiff's claim and prior appeal history were reviewed. (Id. at 3.) Plaintiff's
7  appeal was denied as the reviewer found no compelling evidence to warrant intervention at
8  the Director's Level as Plaintiff was receiving treatment deemed medically necessary
9  according to licensed clinical staff. (Id. at 4.) In particular, the response noted that Plaintiff
10 was seen in the dental clinic on April 28, 2010, for a "try-in" of his new dentures. Plaintiff
11 was scheduled next for delivery of his dentures within the time frame provided for in the
12 CDCR Inmate Dental Services Program Policy and Procedures. (Id.) Because it appeared
13 that Plaintiff's dentures were scheduled to be completed in the normal time frame, it cannot
14 be said that the Director's Level Response was inadequate or indicates deliberate indifference
15 to a serious medical need.

16 Plaintiff is dissatisfied because his appeals have not resulted in the immediate
17 procurement of his dentures. However, it is clear from the appeal responses that the
18 fabrication of his dentures have not been unduly delayed by any of the Defendants, and it is
19 undisputed that Plaintiff's dentures are in the process of being completed. Plaintiff has failed
20 to show that the lack of dentures constitutes a "serious medical need" or that Defendants
21 have acted with deliberate indifference in the procurement thereof. Accordingly, this claim
22 is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §
23 1915A(b)(1),(2).

24 ///
25 ///
26 ///
27 ///
28 ///

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Smith02684_dismissal.wpd

**CONCLUSION**

For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

IT IS SO ORDERED.

DATED: 11/3/10

JEREMY FOGEL
United States District Judge

United States District Court
For the Northern District of California

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.10\Smith02684_dismissal.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID THAYNE SMITH,

        Plaintiff,

  v.

R. GROUNDS, et al.,

        Defendants.

Case Number: CV10-02684 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/8/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Thayne Smith J-11874
Correctional Training Facility-CTF Soledad
P.O. Box 689
ED-088-Low
Soledad, CA 93960-0689

Dated: 11/8/10

                                    Richard W. Wieking, Clerk